IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Elijah K. Brown, | : | |
| Plaintiff | : | Civil Action 2:06-cv-00495 |
| v. | : | Judge Frost |
| Oliver W. Moore, *et al.*, | : | Magistrate Judge Abel |
| Defendants | : | |

## Initial Screening Report and Recommendation

Plaintiff Elijah K. Brown brings this civil rights action alleging that defendants Oliver W. Moore and Sally Jones falsified a criminal complaint by mis-identifying him as Joseph Andrew Brown.  Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).  The Magistrate Judge finds that the complaint fails to state a claim for relief and, therefore, recommends dismissal of the complaint.

The complaint alleges that defendants Moore and Jones knew that plaintiff's name was Elijah K. Brown, but that they filed a criminal complaint against him on May

2, 2006 naming him as Joseph A. Brown.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983).  Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  A civil "complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. at 45-46; *Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990).  Moreover, *pro se* prisoner complaints must be liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

Analysis.  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement of the grounds upon which the Court's jurisdiction depends [and] a short and plain statement of the claim showing that the pleader is entitled to relief."  The complaint here contains no jurisdictional statement.  Further, no basis for federal subject matter jurisdiction appears on the face of the complaint.

Plaintiff has no constitutional right to be identified in a criminal complaint and arrest warrant "under my true name, Elizah K. Brown which was given to me by – Elijah G. Haynes in conjunction with the Government."  The Fourth Amendment protects a defendant against being arrested without probable cause.  It contains no

provision requiring the charging documents to use the arrestee's "true name."

To the extent that plaintiff may be attempting to plead a claim under 42 U.S.C. § 1983 alleging that he was denied a constitutional right when he was arrested, that claim is premature. The arrest warrant was issued May 2, 2006. The complaint does not allege that the criminal charges against him have been finally adjudicated. Further, to the extent that the alleged constitutional violation would render a criminal conviction invalid, a § 1983 claim cannot be brought until plaintiff is acquitted or his criminal convictions are set aside. *See, Heck v. Humphrey,* 114 S. Court. 2364, 2372 (1994); *Schilling v. White,* 58 F.3d 1081, 1085-86 (6th Cir. 1995).

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because it fails to allege the grounds for the court to assert subject matter jurisdiction and if fails to state a claim for relief.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED. The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

      The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel  
United States Magistrate Judge
